IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **GARY SIMPSON,** | : |
| **Plaintiff,** | : |
| V. | : |
| | : NO. 5:21-cv-00452-MTT-CHW |
| **UNNAMED DEFENDANT(S),** | : |
| **Defendant.** | : |

### ORDER OF DISMISSAL

Plaintiff Gary Simpson, a prisoner in Central State Prison in Macon, Georgia, filed a document in the Northern District of Georgia, which was docketed there as a complaint under 42 U.S.C. § 1983. Compl., ECF No. 1. The Northern District subsequently transferred the case to this Court. Order, ECF No. 7. Plaintiff did not either pay the Court's $402.00 filing fee or move for leave to proceed *in forma pauperis* when he filed his complaint. Thus, once the case was transferred, he was ordered to do so if he wanted to proceed with this action. Order, ECF No. 10. Additionally, Plaintiff was ordered to file a recast complaint on the proper form. *Id.* Plaintiff was given fourteen days to file his recast complaint and either pay the filing fee or seek leave to proceed *in forma pauperis*. *Id.* He was also cautioned that his failure to fully and timely comply could result in the dismissal of this action. *Id.*

More than fourteen days passed following entry of the order to recast the complaint and either pay the filing fee or seek leave to proceed in this action *in forma pauperis*, and Plaintiff did not take any of the ordered actions or otherwise respond to the Court's order.

Therefore, Plaintiff was ordered to show cause to the Court why this case should not be dismissed based on his failure to comply with the previous order. Order to Show Cause, ECF No. 11. Plaintiff was given fourteen days to respond to the show cause order. *Id.* He was also cautioned that his failure to respond would result in the dismissal of this action. *Id.*

More than fourteen days have now passed since the show cause order was entered. In the meantime, Plaintiff has filed a copy of the order to recast his complaint with a notation on each page that says, "I accept this offer for honor on behalf of the United States. 38 Stat. 265." Notice of Filing, ECF No. 12. Plaintiff's complaint bore the hallmarks of the sovereign citizen theory, and it appears that this notation on his submitted complaint may be related to that theory. Regardless, Plaintiff's most recent filing in no way responds to the order to show cause or explains why this case should not be dismissed. Moreover, Plaintiff still has not filed a recast complaint, paid the applicable filing fee, or moved for leave to proceed in this action *in forma pauperis*.

Thus, because Plaintiff has failed to respond to the Court's orders and has otherwise failed to prosecute this case, it is hereby **ORDERED** that this complaint be **DISMISSED WITHOUT PREJUDICE**. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).

**SO ORDERED**, this 18th day of March, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
